## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| WALIS PARRA-REYES, ) ) Movant, ) ) v. ) ) ) UNITED STATES OF ) AMERICA, ) ) Respondent. ) | CV420-096 CR413-121 |

## REPORT AND RECOMMENDATION

On April 15, 2014, having pleaded guilty to one count conspiracy to distribute a controlled substance (count 2), 21 U.S.C. § 846, one count unlicensed dealing in firearms (count 3), 18 U.S.C. § 922(a)(1)(A), one count interstate transportation of stolen motor vehicles (count 7), 18 U.S.C. §2312, one count trafficking in contraband cigarettes, (count 25), 18 U.S.C. §2342(a), and one count using and carrying a firearm during and in relation to a drug trafficking offense (count 32), 18 U.S.C. §924(c), movant Walis Parra-Reyes was sentenced to a term of 190 months imprisonment followed by a period of ten years supervised release and

restitution in the amount of $347,249.97.  *See* Doc. 303.[1]  He subsequently appealed the special condition of his supervised release that he be delivered to immigration authorities following his release for deportation proceedings.  *See United States v. Walis Parra-Reyes*, 14-11868-FF (11th Cir. 2014).  The Eleventh Circuit dismissed the appeal by order of November 6, 2014.  *United States v. Walis Parra-Reyes*, 14-11868-FF (11th Cir. November 6, 2014) (order dismissing appeal).  He subsequently filed three motions to reduce his sentence, docs. 362, 385, and 460; the first two of which were denied, docs. 376 and 388.

In March 2020, movant filed his third motion for a reduction of his sentence, doc. 460, which was also denied as the Court deemed it to be an impermissible collateral attack on the legality of his conviction, doc. 462.  The Court advised movant that a more proper vehicle for seeking such relief was 28 U.S.C. §2255.  *Id.*  It provided the necessary *Castro* warning and directed movant to confirm if the motion should be reconstrued as a petition for *habeas corpus* relief.  *Id.*  Movant subsequently filed both a motion requesting the Court to construe his motion for a reduction of his

---

[1] The Court is citing to the criminal docket in CR413-121 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

sentence as a § 2255 petition, doc. 462, and a separate motion for § 2255 relief, doc. 464.

## BACKGROUND

Background beyond the four corners of movant's petition is warranted. Following the conclusion of this case, the lead prosecutor, former Assistant United States Attorney Cameron Ippolito, was publicly censured by the Court after it was discovered that she was involved in an untoward relationship with ATF Agent Lou Valoze. Due to the professional and personal misconduct of Ippolito and Valoze, several cases in which they collaborated were completely unwound. Of relevance to this case, the Ippolito-Valoze affair spanned 2009 through March 2014, which encompassed the period of the investigation into movant.

In January 2015, the Court entered an order on the public docket acknowledging the impropriety and its potential impact. *In re Ippolito*, 2015 WL 424522 (S.D. Ga. Jan. 30, 2015). In accordance with that order, the Government filed a list of all cases in which Ippolito and Valzone were known to have collaborated, which included this matter. *In re Ippolito*, MC2:15-002, doc. 4-1 at 14.

In early February 2015, movant received a letter from his attorney advising him of the Ippolito-Valoze affair and of its potential relevance to his case.  Doc. 464 at 14.  As movant primarily interacted with another ATF agent during the investigation, counsel was unaware if they could "use the information to [movant's] advantage" but committed to looking into the question further.  *Id*.  In November 2019, movant filed a motion for release of *Brady* information related to Ippolito and Valoze.  Doc. 456.  He also requested that his counsel provide copies of "interviews written by Mr. Valoze or at the direction of Mr. Valoze . . . [and] any investigative reports concerning my case reviewed by him in **ANY** capacity, as a supervisor or agent, involving my case."  Doc. 464 at 20.  Counsel provided copies of the discovery in his possession pertaining to Valoze in January 2020.[2]  *Id*. at 24.  Movant claims that this was the first that he learned of the facts supporting his petition.  Doc. 464 at 10.

## ANALYSIS

This petition is untimely.  Relief under 28 U.S.C. §2255 must be sought within one year of the judgment against the movant becoming

---

[2] Movant also requested "memorandum of interviews, which memorialize [his] interviews with the government."  Doc. 464 at 26.  It is not clear from the record if these documents were provided or even exist.

final. 28 U.S.C. §2255(f). Under the Federal Rules of Appellate Procedure, a defendant may file an appeal within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(a)(A)(i). Though movant filed an appeal against one element of his sentence, he did not directly appeal his guilty plea or conviction on any charge. *See Kay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Therefore, as judgment was entered on April 15, 2014, it became final on April 29, 2014. The initial deadline for plaintiff to file his §2255 petition was April 29, 2015.

In a limited set of circumstances, the statute of limitation for a federal habeas petition can be extended. Section 2255 permits such extensions where (i) the Government has created an impediment to seeking relief; (ii) the Supreme Court newly recognizes a right that is retroactively applicable to cases on collateral review; or (iii) facts supporting a claim for relief became discoverable "through the exercise of due diligence." 28 U.S.C. §2255(f)(2)–(4). Movant cites to only the final

theory in making his petition, arguing that he only learned of the facts supporting his petition in January 2020.

Movant's contention that he only recently learned of the Ippolito-Valoze affair is directly contradicted by the pleadings and the public record. He was notified by counsel in February 2015 that the affair might impact his case. Doc. 464 at 14. Additionally, at approximately the same time, the Government produced a list of cases, including movant's, in which Ippolito and Valoze were either known to have or might have possibly collaborated, which was made available through the public docket. *In Re Ippolito and Valoze*, MC215-002, doc. 4; *see also In re Ippolito*, 2015 WL 424522. The affair was also reported by several news sources. *See, e.g.,* Carla Caldwell, *Feds: Savannah-based Federal Prosecutor, ATF Agent Had Affair, Collaborated on 200-plus Cases*, ATLANTA BUSINESS CHRONICLE, Feb. 17, 2015, https://www.bizjournals.com/atlanta/morning_call/2015/02/feds-savannah-based-federal-prosecutor-atf-agent.html; Jan Skutch, *Feds ID More Than 200 Cases in Which Prosecutor Collaborated with Agent with Whom She Has Affair*, THE FLORIDA TIME UNION, Feb. 16, 2015, https://www.jacksonville.com/article/20150216/NEWS/801239446; John

Diedrich, *Secret Affair Between Agent, Prosecutor Taints ATF Stings in Georgia*, MILWAUKEE JOURNAL SENTINEL, Feb. 10, 2015, http://archive.jsonline.com/watchdog/watchdogreports/secret-affair-between-agent-prosecutor-taints-atf-stings-in-georgia-b99441553z1-291408601.html/.

Movant has conceded that he was placed on notice of the Ippolito-Valoze affair on or about February 3, 2015 and advised that it might be relevant to his case. Doc. 463 at 3; doc. 646 at 14. Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. Movant implies that he was relying on his attorney to provide additional information but offers no argument as to why he was unable, through normal due diligence, to file a petition for *habeas* relief based on the information publicly available in early 2015. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due

diligence") Therefore, the latest deadline for filing of movant's § 2255 petition was February 3, 2016, more than four years prior to the filing of this action.

## CONCLUSION

As movant's petition for 2255 relief was filed more than four years after its latest possible deadline, it should be **DISMISSED** as untimely. This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,* 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States,* 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 12th day of May, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA