UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 4:08 pm, Jul 27, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV420-096 |
| ) | CR413-121 |
| WALIS PARRA-REYES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's May 12, 2020, Report and Recommendation, doc. 465, to which the defendant has filed objections, doc. 466. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

## BACKGROUND

The history of movant's post-conviction actions and the outside events relevant to his current motion are discussed in detail in the Magistrate Judge's Report and Recommendation. *See* doc. 465 at 1–4. In brief summary, movant pleaded guilty in April 2014 to one count conspiracy to distribute a controlled

substance, 21 U.S.C. § 846, one count unlicensed dealing in firearms, 18 U.S.C. § 922(a)(1)(A), one count interstate transportation of stolen motor vehicles, 18 U.S.C. §2312, one count trafficking in contraband cigarettes, 18 U.S.C. §2342(a), and one count using and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. §924(c). Doc. 303. His subsequent appeal to the Eleventh Circuit challenging a condition of his sentence was denied. *See United States v. Parra-Reyes*, 14-11868-FF (11th Cir. Nov. 6, 2014).

In January 2015, shortly after movant's unsuccessful appeal, it came to light that Assistant United States Attorney Cameron Ippolito, the lead prosecutor in the case, and Lou Valoze, a Bureau of Alcohol, Tobacco, and Firearms agent involved in the investigation, had engaged in an undisclosed sexual relationship. That same month, the Court entered an order on the public docket acknowledging the impropriety of the affair and notifying parties and counsel to those cases in which Ippolito and Valoze were involved that the situation might impact their respective cases. *In re Ippolito*, 2015 WL 424522 (S.D. Ga. Jan. 30, 2015). The Government then filed a list of all cases in which Ippolito and Valoze were known to have collaborated, including this matter. *In re Ippolito*, MC2:15-002, doc. 4-1 at 14.

In February 2015, movant was personally notified of the Ippolito-Valoze affair by a letter from his trial counsel.[1] Doc. 464 at 14. At the time, counsel did not contend that the revelation opened any avenues for appeal or *habeas* relief, but indicated that he would look into the question. *Id.* In the following months, movant filed a letter voicing various arguments commonly espoused by those subscribing to the sovereign citizen theory of the law, doc. 379, and a renewed motion to reduce his sentence, doc 385. Both were prepared and submitted without the assistance of counsel and neither raised arguments related to the Ippolito-Valoze affair. Docs. 379 and 385. No further motions were submitted to the Court until November 2019, when movant sought the release of *Brady* material relating to Ippolito and Valoze's involvement in his case. Doc. 456. He also sought similar documents from his trial counsel. Doc. 464 at 20. In March 2020, movant filed his third motion for a reduction of his sentence, doc. 460, which was also denied as the Court deemed it to be an impermissible collateral attack on the legality of his conviction, doc. 462. Movant then filed both a motion requesting the Court to construe his motion for a reduction of his sentence as a § 2255 motion, doc. 462, and a separate motion for § 2255 relief, doc. 464.

---

[1] Movant was represented by retained counsel during his criminal trial and appeal. His relationship with counsel following the termination of his appeal has not been made clear to the Court.

## ANALYSIS

The Report and Recommendation concluded that the motion was untimely. *See* doc. 465 at 4. Movant's objection asserts that he is entitled to equitable tolling of the applicable statute of limitations because "(1) he has pursued his rights diligently [and] (2) an extraordinary circumstance precluded him from filing a timely [motion]." Doc. 466 at 2; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations omitted)). However, "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly" and he fails to establish either of the required elements. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Movant singularly focuses on the Court's suggestion that he might have learned about the Ippolito-Valzone affair through media reports, doc. 466 at 1–2, but ignores that he had constructive notice of the affair in January 2015 and actual notice by no later than February 2015 via other means. Despite this knowledge, he failed to take any action toward seeking *habeas* relief until November 2019 when he filed a motion for the release of *Brady* information and requested copies of documents from his former attorney. Doc. 456. Movant waiting nearly five years to pursue his claim is a far cry from

diligence. *Compare Hutchinson v. Fla.*, 677 F.3d 1097, 1103 (11th Cir. 2012) (movant did not act with reasonable diligence in failing to file *pro se* his federal *habeas* motion until almost four years after his counsel failed to file his state *habeas* motion), *with Holland*, 560 U.S. at 653 (movant wrote repeated letters to his counsel, the state court, the clerk of court and the Florida State Bar Association and immediately prepared and filed a *pro se habeas* motion upon learning that his counsel missed the filing deadline).

Even if movant had taken steps to advance his *habeas* motion, his counsel's failure to provide further advice after committing to investigate the matter is not an extraordinary circumstance. Movant attempts to frame this lack of a follow-up as attorney abandonment. It is true that both the Supreme Court, *see Maples v. Thomas*, 565 U.S. 266, 282–83 (2012) ("[A] client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him.") and Eleventh Circuit, *see Cadet v. Fla. Dep't. of Corr.*, 853 F.3d 1216, 1227, n. 2 (11th Cir. 2017) ("abandonment, or some other professional misconduct, or some other extraordinary circumstance can be sufficient for equitable tolling"), have suggested that an attorney's total abandonment of a client can justify equitable tolling. The facts of this case, however, fall well short of that level of attorney

misconduct. "Abandonment is illustrated by not keeping a client updated on essential developments, not responding to a client's questions or concerns, and severing communication with a client." *Robinson v. State Attorney for Fla.*, — F. App'x. —, 2020 WL 1672794, at *3 (11th Cir. 2020) (citing *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1234 (11th Cir. 2017). Here, counsel notified movant of the Ippolito-Valoze affair soon after it became public knowledge and, when requested, provided relevant documents. (*See* doc. 464). There is no suggestion that movant directed counsel to pursue a *habeas* motion or made any efforts to communicate with counsel between February 2015 and November 2019. At its worst, counsel's representation that he would investigate the issued and subsequent failure to revert back to movant was negligence or misconduct, which do not warrant equitable tolling. *See Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005) (Mere "attorney negligence is not a basis for equitable tolling, especially when the movant cannot establish his own diligence."); *see also Sandvik v. United States*, 177 F.3d 1269, 1272–73 (11th Cir. 1999) (movant was not entitled to equitable tolling when his *habeas* motion was untimely due to his lawyer sending the motion via ordinary mail); *Steed*, 219 F.3d 1298, 1300 (11th Cir. 2000) (movant was not entitled to equitable tolling when his motion was untimely due to counsel miscalculating the filing deadline); *Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1313 (11th

Cir. 2001) (movant was not entitled to equitable tolling when his motion was untimely due to erroneous advice by counsel).

Accordingly, as movant did not diligently pursue his *habeas* rights and has not established that he was prevented from doing so by an extraordinary circumstance, the Court overrules the objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Movant's motion to vacate, set aside, or correct his sentence is **DENIED**.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous

---

[2] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule

issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 27th day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

11(a) to the Rules Governing Section 2255 Proceedings.